IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

NANCY CAROL HUTCHISON,

           Plaintiff,

    v.

STATE OF OREGON, et al,

           Defendants.

Case No. 1:17-cv-01594-CL

**ORDER**

CLARKE, Magistrate Judge.

       Plaintiff Nancy Hutchison seeks to proceed *in forma pauperis* ("IFP") in this action. She has also filed a motion for pro bono counsel (#3). For the reasons stated below, Plaintiff's Complaint (#1) is dismissed without prejudice and with leave to refile an Amended Complaint within thirty days of this ruling. Plaintiff's motion for pro bono counsel (#3) is denied. Plaintiff's IFP application (#2) is held in abeyance and will be considered when the amended complaint is filed.

## LEGAL STANDARD

       Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts

despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before the service of the complaint on the defendants, and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The Court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id*.

Pro se pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). That is, the court should construe pleadings by pro se plaintiffs liberally and afford the plaintiffs the benefits of any doubt. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Additionally, a pro se

litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

On October 10, 2017, Plaintiff Nancy Hutchison filed a Complaint against ten defendants, including the State of Oregon, Curry County, a judge with the Oregon Circuit Court for Curry County, Hon. Cynthia Beaman, the Curry County Consortium of public defenders, and various others including Curry County Circuit Court personnel. There are plenty of factual allegations contained in the complaint; all of them appear to arise out of a series of events and incidents involving a noise complaint against Plaintiff that resulted in charges for disorderly conduct.

Particularly, Plaintiff claims that the proceedings in state court regarding the charges against her violated her due process rights, the Americans with Disabilities Act (ADA), the Rehabilitation Act, and other constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. The proceedings arose out of a citation for disorderly conduct issued by a Curry County Sheriff's Deputy. Plaintiff asserts that the citation misstated her name as "Nancy Lazaryan Hutchison," and that the citation was improperly given to her because the equipment that created the complained-of noise did not belong to her, but to her employer, Life Ray. However, Plaintiff claims that she was not given the proper opportunity to present her defense to the charges because her attorney failed to adequately represent her, and the Court failed to adequately accommodate her respiratory disability. Plaintiff also asserts allegations regarding Judge Beaman's withdrawal and reissuance of a warrant altering the name of the defendant to Plaintiff's correct name and birthdate, which were misstated on a previous version of the warrant. She also claims that the warrant was improperly issued in the first place for

failure to appear because she in fact did appear by telephone. Thus she claims she "stands in immediate peril of arrest for failing to appear." She claims that "a situation of extreme emergency is presented warranting the issuance of immediate injunctive relief." She has not, however, filed a motion for a preliminary injunction.

The alleged facts and corresponding legal claims in this case are confusing and intertwined in a complicated fashion. It is clear to the Court, however, that most of them are not properly brought in federal court at this time. While the Court must leniently construe pro se pleadings, Plaintiff must still meet the federal pleading standards and cannot bring claims that are frivolous or facially barred. In order to properly inform Plaintiff of the deficiencies of her complaint, such that she may attempt to re-plead any claims that are not barred, the Court will address the claims as specifically as possible below.

**I.      Judge Beaman is entitled to absolute judicial immunity.**

Judges and those performing judge-like functions are absolutely free from liability for damages for acts performed in their official capacities. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc). Judicial immunity from claims for damages generally can be overcome only in two sets of circumstances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *See Hyland v. Wonder*, 117 F.3d 405, 413 n. 1 (9th Cir.1997) (holding that judge may lose protection of judicial immunity when performing administrative act). Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). As long as the judge has jurisdiction to perform the "general act" in question, he or she is immune however erroneous the act may have been, however injurious the consequences of the

act may have been, and irrespective of the judge's claimed motivation. *Harvey v. Waldron*, 210 F.3d 1008, 1012 (9th Cir.2000) (citing *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985)).

In this case, Plaintiff does not allege that Judge Beaman took any actions outside of her judicial capacity. Indeed her allegations against the judge include decisions made regarding the charges, a bench warrant for failure to appear, and scheduling decisions for courtroom proceedings. None of these allegations meet the requirements to allow Plaintiff to bring a claim for damages against a judge. Therefore the claims against this defendant are dismissed.

## II.     Claims against all defendants arising out of substantive state court proceedings are barred by the Rooker-Feldman doctrine and must be dismissed.

Pursuant to the Rooker–Feldman doctrine, federal courts lack subject matter jurisdiction "when the federal plaintiff both asserts as her injury legal error or errors by the state court and seeks as her remedy relief from the state court judgment." *Kongasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004); Cooper, 704 F.3d at 777–78. *See also Meek v. Zopan*, 2017 WL 902864, at *3 (D. Or. Mar. 6, 2017). The Rooker-Feldman doctrine applies even when the challenge to the state-court decision involves federal constitutional issues, including those anchored in federally protected rights to due process and equal protection. *Bates v. Jones*, 131 F.3d 843, 856 (9th Cir.1997) (citing *Worldwide Church of God v. McNair*, 805 F .2d 888, 891 (9th Cir.1986)).

In this case, for most of Plaintiff's claims, she not only seeks to challenge the state court's actions, but to overturn the conviction and the judgment entered against her. For instance, she insists that the equipment she was operating that resulted in a noise complaint and ultimately the citation for disorderly conduct did not belong to her, but to her employer Life Ray. She states that Life Ray hired an audiologist who determined that the noise levels from the

equipment were quieter than the allowed legal limits. Such a substantive defense to charges brought in state court calls into question the process she was given in state court – it "necessarily implicates the validity of her conviction." Plaintiff must raise the issues in those proceedings, and appeal any judgment to the Oregon Court of Appeals. Therefore, all claims made by the Plaintiff arising out of the process she received in state court are dismissed.

### III. Plaintiff's claims against Thomas Lankford and Holly Halcomb for ADA and Rehabilitation Act violations do not meet the federal pleading standards and are dismissed without prejudice.

Plaintiff alleges that Defendant Thomas Lankford is the Trial Court Administrator for the Coos[1] County Circuit Court and the designated supervisor for ADA accommodations and complaints in the Curry County Circuit Court. Defendant Holly Halcumb is alleged to be the Court Supervisor and ADA accommodations coordinator for the "CCCC." It appears as though the only claims that might pertain to these two individual defendants are the Plaintiff's claims for ADA and Rehabilitation Act violations. However, the only specific allegations in the Complaint regarding a failure to accommodate a disability indicate that Plaintiff is dissatisfied with the representation of her appointed defense counsel, who "did not inform [Plaintiff] that she could seek ADA accommodations. [The attorney] did not seek ADA accommodations for [Plaintiff]. Moreover, Plaintiff asserts that she "was not aware before her trial that she could seek ADA accommodations so she could participate in her own defense." While she claims that she told Judge Beaman that she was too ill to participate in any court proceedings before noon, Plaintiff does not allege that she identified herself as disabled, that she requested a reasonable ADA accommodation, nor does she allege that she made such a request in a timely manner. However, she does allude to the fact that her physical condition was readily apparent, and she implies that

---

[1] This allegation is taken from Plaintiff's Complaint, page 4. It's unclear if this is a typographical error and Plaintiff meant to allege that Lankford is the Trial Court Administrator for Curry County Circuit Court, or if he serves both counties.

Judge Beaman should have known that she needed accommodation. Plaintiff asserts that the judge "failed to ascertain" her disability. Nevertheless, it is unclear how defendants Lankford and Halcumb are connected to these claims.

Regarding Thomas Lankford, Plaintiff alleges that she "sought [his] aid. . . to have her Motion seeking replacement counsel knowledgeable in the rights of the disabled filed," but contends that such motion had "not been refiled." The Court cannot ascertain from the pleadings whether or not Plaintiff alleges that Lankford intentionally refused to put her motion on the docket. However, even if she does allege this, the Court notes that there are many reasons this could happen, for example if a motion is untimely or frivolous or does not follow the rules. For this reason, this allegation, without more, would not entitle Plaintiff to any relief. Additionally, she then asserts that "despite the non-filing of her Motion, a third Consortium Lawyer, Gardner, replaced Inokuchi as Hutchison's counsel." Thus it seems that Plaintiff's request – whether made via formal motion or informal request – was granted. Plaintiff also notes that at least once she appeared in court "by phone pursuant to ADA accommodation request made by Hutchison (not her attorney)."

Regarding defendant Holly Halcumb, Plaintiff claims that she acted on behalf of the State of Oregon and Curry County to discriminate against Plaintiff by "refusing to file Plaintiff's pro per Motion, by refusing to adjudicate Plaintiff's Motion, by altering the official court record, and by denying Plaintiff access to effective assistance of counsel." Once again, Plaintiff's claims here directly contradict her own allegations, in which she states that she was allowed to request, and granted a different appointed attorney multiple different times.

Other allegations regarding Plaintiff's ADA and Rehabilitation Act claims appear to have nothing to do with defendants Lankford and Halcumb. Therefore, the Court determines that

Page 7 – ORDER

under the federal pleading requirements, Plaintiff has not properly alleged a claim for relief against either defendant. However, as the alleged administrators for the Court's ADA policies and procedures, it is not "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Plaintiff has 30 days to file an amended complaint that sufficiently alleges a plausible claim for relief against defendants Lankford and Halcomb.

## IV.    Claims against Plaintiff's appointed attorneys lack subject matter jurisdiction and fail to state a proper claim for relief.

Plaintiff asserts a variety of claims against the "Consortium Lawyers," the group of attorneys from which she was assigned appointed counsel. While not stating specifically, her allegations against these attorneys can generally be construed as state law negligence or legal malpractice claims. Plaintiff asserts that the Court has supplemental jurisdiction over these claims because they are part of the same case or controversy that gives rise to the federal claims. Because the Court has dismissed the federal claims for other reasons, however, the Court declines to take supplemental jurisdiction over the state law claims. If Plaintiff choses to file an amended complaint regarding her federal claims, she may reassert her state law claims, but such claims must be "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. 1367(a). It is unclear to the Court how a claim for negligence or legal malpractice would be part of the same case or controversy as an ADA claim or Rehabilitation Act claim against the Curry County Circuit Court, but the Court cannot say that it would be impossible.

Further, any claims against legal counsel or the Consortium that allege violation of Plaintiff's constitutional rights, i.e., Plaintiff's First and Second Claim for Relief, are not valid unless Plaintiff can show that her appointed attorneys conspired with state actors to deprive her of her rights. In *Polk County v. Dodson*, The Supreme Court of the United States held that

appointed counsel in a state criminal prosecution, though paid and ultimately supervised by the State, does not act "under color of" state law in the normal course of conducting the defense. 454 U.S. 312 (1981). However, in *Dennis v. Sparks*, the Court held that an otherwise private person acts "under color of" state law when engaged in a conspiracy with state officials to deprive another of federal rights. 449 U.S. 24, 27–28 (1980). Therefore, unless Plaintiff can allege that the attorneys appointed to represent her conspired with state officials to deprive her of her civil rights, these attorneys are not proper defendants under section 1983 because they did not act "under color of state law."

As currently pled. Plaintiff's complaint asserts allegations against the attorneys for determining that "Plaintiff was mentally unstable," ignoring "Plaintiff's true and medically documented physical disability," failing to procure for her the "protection of her ADA rights in all court proceedings." None of these allegations rise to the level of a constitutional violation, and so none of them state a claim for relief under section 1983. The one allegation that could be construed as a constitutional violation is that her appointed counsel "coerced her into waiving a jury trial." However, Plaintiff states no factual allegations to support this conclusory claim, other than that she took her attorney's legal advice and agreed to proceed with a bench trial in front of the judge. Again, unless one or more of her appointed attorneys intentionally conspired with state actors to cause Plaintiff to be convicted, or otherwise deprive her of her constitutional rights, she may not state even this claim under section 1983.

## V. Plaintiff's allegations regarding the "Rocket Docket Policy" do not state a claim for relief.

One of Plaintiff's allegations against the defendants is that the Curry County Circuit Court, and the attorneys appointed to represent her, all acted within the framework of a "Rocket Docket Policy," which Plaintiff claims subjects "defense attorneys to such a tyranny of unreal

deadlines," the effect of which "is to destroy all possibility of presenting an effective defense in the vast majority of cases." While the Court is sensitive to the due process concerns raised by an issue like this, the Plaintiff's allegations in this case do not properly state a claim for relief. She asserts that she was appointed counsel multiple different times, that the case was postponed several times at least, and that ultimately when she claimed that she was too ill to attend the proceedings, the Court did not agree to an additional set-over. Plaintiff may be able to state a claim for failure to accommodate a disability based on these facts, but she has not stated a plausible claim that the court's policy to streamline and expedite cases to completion impacted her particular case in such a way that she was denied due process. Indeed, based on the allegations as stated in the Complaint, she was given all the process she was due.

However, I cannot say that it would be impossible for Plaintiff to allege facts sufficient to state a claim for relief as to the Curry County Circuit Court's "Rocket Docket Policy." Because it is not "absolutely clear that the deficiencies of the complaint could not be cured by amendment[,]" Plaintiff should be given an opportunity to amend and refile. *Stanger v. City of Santa Cruz*, 653 F.2d 1257, 1257-58 (9th Cir.1980); *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980).

## VI. Deficiencies in the Complaint

While the Court will continue to liberally construe Plaintiff's claims, as is required of a self-represented litigant, and Plaintiff will be given a chance to cure the deficiencies of his complaint, the Court wishes to clarify to Ms. Hutchison that certain claims are not appropriate for federal court. For example, as discussed above, Judge Beaman has absolute immunity for any actions taken in her judicial capacity, and no claims against her in that capacity will be allowed. Additionally, federal courts are courts of limited jurisdiction. Pursuant to the *Rooker–*

*Feldman* doctrine, federal courts lack subject matter jurisdiction "when the federal plaintiff both asserts as her injury legal error or errors by the state court *and* seeks as her remedy relief from the state court judgment." *Kongasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004); *Cooper*, 704 F.3d at 777–78. *See also Meek v. Zopan*, 2017 WL 902864, at *3 (D. Or. Mar. 6, 2017). In other words, if Plaintiff is dissatisfied with the outcome of her case in state court, she may not attempt to overturn that outcome by challenging that case in federal court. In order to challenge the outcome of a criminal conviction, a person must appeal that state court judgment to the Oregon Court of Appeals. Attempting to challenge it in federal court is an improper collateral attack. Therefore, any claims asserted by Plaintiff that arise out of a state court proceeding and that attempt to overturn the outcome of that proceeding, will not be allowed.

### VII.    Motion for pro bono counsel is denied.

Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir.1986). However, pursuant to 28 U.S.C. § 1915(e), this court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. *Id.; Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir.1990); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.1986). While this court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. *Mallard v. U.S. Dist. Court of Iowa*, 490 U.S. 296, 301-08 (1989).

The Court has reviewed Plaintiff's motion and other records, and does not find the exceptional circumstances that would warrant appointment of counsel. The Court understands the difficulty of proceeding as a self-represented litigant, however, and will take a very close look at the record in this case, including all of the evidence submitted by the parties, and any briefs and arguments submitted by Plaintiff. The Court will also consider extending deadlines,

if that would assist the Plaintiff. She should contact the Court in writing to request such an extension. Finally, the Court will direct the clerk to mail Plaintiff the form for the application for CM/ECF Registration, which would allow her to file documents with the Court electronically. Many self-represented litigants find this to be more efficient and convenient than filing by mail or in person.

## ORDER

Based on the foregoing, Plaintiffs' Complaint (#1) is dismissed without prejudice and with leave to refile an Amended Complaint within thirty days of this ruling. Plaintiff's IFP application (#2) is held in abeyance and will be considered when the amended complaint is filed. Plaintiff's motion for pro bono counsel (#3) is denied.

ORDERED and DATED this _____ day of November, 2017.

MARK D. CLARKE
United States Magistrate Judge