IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

NANCY CAROL HUTCHISON,

    Plaintiff,

v.

STATE OF OREGON, et al,

    Defendants.

1:17- cv-01594-CL
**OPINION AND ORDER**

AIKEN, District Judge.

Plaintiff seeks an order from this Court enjoining the state of Oregon, specifically the Curry County Circuit Court, from enforcing a criminal judgment against plaintiff. Plaintiff requested expedited consideration of this motion (doc 12). I construe the motion, styled as a "Motion for Emergency Exparte Injunctive Relief," as a Motion for a Temporary Restraining Order. For the reasons set forth below, plaintiff's motion is DENIED.

Plaintiff brings suit against various state actors for alleged violations of her constitutional due process rights, the Americans with Disabilities Act, and the Health Insurance Portability and Accountability Act. Plaintiff's claims stem from her March 14, 2017, conviction of two counts of Disorderly Conduct in the Second Degree, in violation of Oregon Revised Statute ("O.R.S.") §

166.025 in Curry County Circuit Court Case No. 16CR28311. On April 5, 2017, Plaintiff was sentenced to a fine of $2,000 per count and bench probation for period of five years to run consecutively on each count. Special conditions of probation were imposed, including that plaintiff could not electronically amply sound through outdoor speakers or other devices, that the speakers used in the offense would be forfeited to the county, and that plaintiff must undergo a mental health evaluation and treatment.

Initially, I note that the same general legal standards govern temporary restraining orders and preliminary injunctions. Fed. R. Civ. P. 65; *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977). A plaintiff seeking such relief must establish (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the plaintiffs favor; and (4) a preliminary injunction is in the public interest. *Winter v. Nat'l Resources Def. Council*, 555 U.S. 7, 21 (2008). A court may not enter a preliminary injunction without first affording the adverse party notice and an opportunity to be heard. Fed. R. Civ. P. 65(l)(2); *People of State of Cal. ex rel. Van De Kamp v. Tahoe Regional Planning Agency*, 766 F.2d 1319, 1322 (9th Cir. 1985). By contrast, an emergency temporary restraining order may be entered without notice. *See* Fed R. Civ. P. 65(b)(l)(A) (restricting availability of *ex parte* temporary restraining orders to situations in which "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition").

Normally, I would examine plaintiff's motion through the prism of the factors outlined in *Winter*. However, plaintiff seeks an order enjoining state court criminal proceedings. Requests for such injunctive relief implicate federalism and comity concerns. In recognition of those concerns, Congress has broadly forbidden federal courts from staying state court proceedings

through the Anti-Injunction Act ("AIA"). *See* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."). Nonetheless, the U.S. Supreme Court has held that 42 U.S.C. § 1983 "is an Act of Congress that falls within the expressly authorized exception of [the AIA]." *Mitchum v. Foster*, 407 U.S. 225, 243 (1972) (internal quotations omitted).

Even though § 1983 is an exception to the AIA, "the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding" still apply when considering whether to award such injunctive relief. *Id.*; *see also Younger v. Harris*, 401 U.S. 37, 43–49 (1971) (enunciating the principles of federal abstention in the context of state criminal prosecutions). Abstention is required under *Younger* when a state judicial proceeding is pending, the proceedings implicate important state interests, and the state proceedings provide an adequate opportunity to raise constitutional challenges. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982); *Sprague v. Oregon*, 2007 WL 1138462, *4 (D. Or. April 16, 2007). Exceptions to the *Younger* abstention doctrine are permitted, however, where (1) irreparable injury as a result of the prosecution is both "great and immediate"; (2) the state law flagrantly and patently violates the Constitution of the United States; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances exist that require issuance of the requested relief. *Mitchum*, 407 U.S. at 230.

Here, it appears that the state court appeals process is ongoing. Also, I find that, for the purposes of the extraordinary relief sought here, plaintiff has failed to show that any of the exceptions to *Younger* apply in this case. The mere fact that a defendant must defend herself in

state criminal proceedings does not demonstrate irreparable harm.[1] *Younger*, 401 U.S. at 46 ("[T]he cost, anxiety, and inconvenience of having to defend against . . . criminal prosecution, [is not] considered irreparable in the special legal sense of that term."). Further, there is no showing that the state law under which defendant was charged and found guilty patently violates the U.S. Constitution. A review of the amended complaint and the attached exhibits fails to reveal any bad faith or harassment that would justify federal interference in the underlying state proceedings. Finally, I find that there are no other unusual or extraordinary circumstances that require plaintiff's requested relief.

Setting aside the concerns noted above, the motion would still be denied based on the factors outlined in *Winter*. Plaintiff has shown no likelihood of success on the merits as evidenced by the confusing nature of her claims and Judge Clarke's previous order dismissing her original complaint (doc. 7). Further, an emergency injunction is likely not in the public interest for the reasons underlying the *Younger* abstention doctrine and the AIA. Most importantly, plaintiff was sentenced in the spring of 2017 and only now, nearly a year later, moves this Court for an emergency injunction. Thus, based on the record before me, I find that the continued enforcement of the terms of her probation would not likely result in the type of irreparable harm contemplated by Federal Rule of Civil Procedure 56.

///

///

///

---

[1] Also, while plaintiff contends that incarceration pursuant to an August 30, 2017, arrest warrant for failure to appear would be "foreseeably fatal," the record contains no evidence to support such an assertion. Pl. Mot. for Injunction at 2. Based on plaintiff's submitted exhibits, the arrest warrant in question was recalled on September 5, 2017, based on the Circuit Court judge's own motion.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Emergency Exparte Injunctive Relief (doc. 12) is DENIED.

It is so ORDERED.

DATED this 27th day of February 2018.

*Ann Aiken*
ANN L. AIKEN
U.S. District Judge